**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TYRONE JORDAN, | ) | 2:07-cv-00854-HDM-RAM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| M. VEAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed *in forma pauperis* will be granted.

The plaintiff will not be assessed an initial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is, however, still required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §

1

1914(a), 1915(b)(1). Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. By separate order, the court will direct the appropriate agency to collect these payments and forward them to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Such review is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set

2

of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**Plaintiff's Claims**

Plaintiff claims defendants violated his Fourteenth Amendment due process and equal protection rights over the course of several administrative segregation hearings. He asserts these actions led to violations of his Eighth Amendment rights.

On February 22, 2006, plaintiff was placed in administrative segregation. He claims that defendant Martinez denied his requests for an investigative employee and for 72 hours to prepare for the initial administrative segregation review in front of the Institutional Classification Committee ("ICC"). Although Martinez granted his request for a staff assistant, plaintiff claims he never received any assistance.

On February 24, 2006, defendants Oran, Perez, Martinez, Anderson, and Carroll, as members of the ICC, held an initial review regarding plaintiff's placement. They denied plaintiff's requests for an investigative employee and time to prepare. While they granted his request for a staff assistant and assigned defendant Carroll to the task, plaintiff alleges he was denied an opportunity to consult with Carroll and received no help from him

3

during the hearing.

On March 30, 2006, plaintiff received another notice of administrative segregation, and on April 3, 2006, defendant Mirich conducted a review. Plaintiff again requested a staff assistant and an investigative employee, but Mirich denied those requests.

On May 19, 2006, the ICC held a subsequent administrative segregation review. Plaintiff claims the ICC members, without giving him advance notice, conducted his annual review and improperly increased his custody score. He further claims he was denied an opportunity to present his views on disciplinary charges presented at the hearing. The ICC members defendants Cullen, Perez, and St. Germain denied plaintiff's request for an investigative employee but assigned defendant Stanley as a staff assistant. Plaintiff claims he recieved no assistance from defendant Stanley.

On May 20, 2006, defendant St. Germain conducted a review of plaintiff's third administrative segregation notice. St. Germain granted plaintiff's request for a staff assistant but denied his request for an investigative employee and help preparing for the next ICC hearing.

On May 26, 2006, ICC members Cullen, Perez, Moreno, M. Fisher, and Anderson conducted an administrative segregation review. Plaintiff requested to be heard on the lockup orders and for a staff assistant and an investigative employee, as well as time to prepare for the hearing. The ICC members appointed J. Purtee as a staff assistant but denied all plaintiff's other requests. Plaintiff claims he received no assistance from defendant Purtee.

On August 18, 2006, ICC members Perez, Arnold, M. Fisher, and

4

Anderson conducted an administrative segregation hearing. They appointed defendant Ehlers as a staff assistant. Plaintiff claims he received no assistance from defendant Ehlers.

On November 9, 2006, ICC members Cullen, Arnold, Jensen, Anderson and M. Fisher conducted a subsequent administrative segregation review. Defendant W. Fisher was appointed as a staff assistant. Plaintiff claims he received no assistance from defendant W. Fisher.

On November 15, 2006, plaintiff was transferred to California State Prison Sacramento State Prison.

On November 29, 2006, plaintiff was attacked by an inmate in the yard at CSP Sacramento.

**Analysis of Plaintiff's Claims**

A. Due Process

Plaintiff claims that defendants violated his procedural due process rights under the Fourteenth Amendment when conducting the administrative segregation hearings. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a claim for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. *See id*. And liberty interests created by prison regulations are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in

5

relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

What process is constitutionally due an inmate placed in segregation depends on whether the placement is disciplinary or administrative. *Toussaint v. McCarthy*, 801 F.2d 1080, 1099 (9th Cir. 1986). If the segregation is administrative prison officials are required to: (1) conduct an informal nonadversary review of the evidence justifying the decision to segregate the prisoner within a reasonable time of placing the prisoner in administrative segregation; (2) provide the prisoner with some notice of the charges before the review; and (3) give the prisoner an opportunity to respond to the charges. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986), *abrogated in part on other grounds by Sandin*, 515 U.S. 472. The prisoner is not entitled to a "detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." *Id.* at 1100-01. If a prisoner is to be retained in administrative segregation, officials must periodically review the initial placement. *Id.* at 1101.

If the segregation is disciplinary, however, due process dictates different procedural safeguards. Specifically, the prisoner is entitled to: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3)

legal assistance where the charges are complex or the inmate is illiterate. *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

The bulk of plaintiff's due process complaints stem from the administrative segregation hearings. Specifically, plaintiff alleges that his requests for investigative employees and time to prepare for the ICC hearings were denied, and that despite being granted several different staff asssitants none provided him assistance. Because these were administrative segregation hearings, the law did not require prison officials to comply with plaintiff's requests. And as to all hearings conducted before May 19, 2006, the process due plaintiff was given. Plaintiff does not allege he was denied an opportunity to respond to the charges in any hearing before the May 19, 2006, hearing. As to each hearing, plaintiff was provided with CDC 114 notices before each hearing, which satisfied the requirement that plaintiff be notified of the reason for his segregation. And plaintiff was given an informal, nonadversarial review in connection with each notice. Accordingly, plaintiff has not stated a claim for violations of his procedural due process as to any hearing occurring before May 19, 2006, and the defendants named only in connection with those hearings are hereby dismissed.

As to the May 19, 2006, May 26, 2009, August 18, 2006, and November 9, 2006, hearings, however, plaintiff alleges that he was denied an opportunity to present his views on disciplinary charges presented and that he was effectively denied staff assistance.[1]

---

[1] Because the complaint asserts these hearings were at least in part disciplinary in nature, plaintiff might state a claim for denial of staff assistance. Plaintiff would be entitled to a staff assistant if he were illiterate or the issues were complex. While plaintiff claims he is illiterate, such assertion is questionable given that it appears to the

7

Accordingly, plaintiff has stated a claim against defendants V. Cullen, R. Perez, R. St. Germain, S. Moreno, R. Anderson, E. Arnold, L. Jensen, and M. Fisher, for their roles as ICC members in one or more of the above-mentioned hearings.

However, plaintiff's claim that he was not given notice of his annual review that took place at the May 19, 2006, hearing does not state a claim for relief. Inmates do not have a constitutional right to a particular classification. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Therefore, changes in conditions relating to classification and reclassification do not implicate the Due Process Clause itself. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody*, 429 U.S. at 88 n.9). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." *See Sandin*, 515 U.S. at 477-87. Although California has created a regulatory scheme from which a protected liberty interest in classification and custody designation might arise, the liberty in question is not protected by the Due Process Clause because the deprivation of a correct classification or custody designation cannot be characterized as one of "real substance," *i.e.*, it does not impose "atypical and significant hardship on the inmate in

---

court plaintiff has drafted his own complaint. If plaintiff did not draft his own complaint, he does not identify who did. Nor does he explain the basis for his assertion he is illiterate. Therefore, the claims that plaintiff was denied a staff assistant at hearings that involved disciplinary charges are dismissed.

8

relation to the ordinary incidents of prison life." *Id.* at 484. Accordingly, plaintiff's complaints that defendants improperly adjusted his custody level, and did so without notice, does not state a claim for violation of his procedural due process rights.

Plaintiff also levies a due process complaint against defendant M. Veal, warden of the California Medical Facility ("CMF"), on the grounds Veal denied plaintiff's grievance regarding the administrative segregation hearings. Inmates do not have a liberty interest in the processing of appeals because they have no entitlement to a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Therefore, Veal's denial of plaintiff's grievance does not amount to a procedural due process violation, and plaintiff thus fails to state a claim upon which relief may be granted under section 1983 against Veal.[2]

B. Equal Protection

Plaintiff states without support that his rights under the Equal Protection Clause were violated. In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the

---

[2] To the extent plaintiff asserts his claims against defendant Veal owing to Veal's status as warden of the California Medical Facility, Veal cannot be liable for the acts of subordinates because the doctrine of respondeat superior does not apply in § 1983 actions. A supervisor's liability arises only if he or she was personally involved in the alleged constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.*

9

Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates that included plaintiff. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged any facts supporting an equal protection claim. Accordingly, to the extent plaintiff sought to assert such a claim, that claim is dismissed.

C. Eighth Amendment

Plaintiff alleges defendants' actions resulted in violations of his Eighth Amendment rights in two ways. First, plaintiff alleges he endured substandard living conditions and was denied access to programs and visits with his family while in administrative segregation. Second, he alleges that the improper adjustment of his custody level caused him to be transferred to a higher security prison where he was subsequently attacked by another inmate.

Plaintiff's assertions of Eighth Amendment violations against the named defendants are misplaced. None of the named defendants are alleged to have been personally involved in the conditions of plaintiff's administrative segregation. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). While a defendant may be liable for setting in motion a series of acts by others that he or she knew or reasonably should have known would cause others to inflict a constitutional injury, *Kwai Fun Wong v. U.S.*, 373 F.3d 952, 966 (9th Cir. 2004), there are no facts alleged from which the inference could be drawn any of the named the defendants knew or should have known their actions would result in violations of plaintiff's Eighth Amendment rights. To the extent plaintiff's claims of Eighth Amendment violations resulting from his tenure in administrative segregation are meritorious, which the court does not address, such claims are properly levied against those responsible for the conditions in administrative segregation.

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners, including protection from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). In order to establish an Eighth Amendment claim for failure to protect, an inmate must show (1) that his incarceration posed a "substantial risk of serious harm" and (2) that prison officials acted with "deliberate indifference" towards him by disregarding an "excessive risk to [his] health or safety." *Id.* at 834. Plaintiff does not allege that any of the named defendants knew or should have known that his transfer to a higher custody prison would result in his being attacked by another inmate. Accordingly, he has not stated a failure to protect claim.

Plaintiff is granted leave to amend his complaint in

11

accordance with this order. Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff has not been assessed an initial partial filing fee. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All of plaintiff's claims against defendants M. Veal, S. Oran, J. Martinez, P. Mirich, and K. Carroll are dismissed. All of plaintiff's Eighth Amendment and Fourteenth Amendment Equal Protection claims are dismissed as to all defendants. Plaintiff's claims against defendant R. St. Germain for the April 3, 2006, and May 20, 2006, administrative segregation reviews are dismissed. Plaintiff's claims against defendants R. Anderson and R. Perez for the February 22, 2006, ICC administrative segregation hearing are

dismissed. Plaintiff's claim that defendants V. Cullen, R. Perez, and R. St. Germain improperly adjusted his custody level are dismissed. Plaintiff's claims that he was denied staff assistance by defendants J. Purtee, S. Stanley, T. Ehlers, W. Fisher, V. Cullen, R. Perez, R. St. Germain, S. Moreno, R. Anderson, E. Arnold, L. Jensen, and M. Fisher are dismissed. With regard to this claim, however, plaintiff is granted leave to amend his complaint to support his contention that he is illiterate and therefore was entitled to a staff assistant for the May 19, 2006, May 26, 2006, August 18, 2006, and November 9, 2006, hearings. Plaintiff's complaint will go forward as to defendants V. Cullen, R. Perez, R. St. Germain, S. Moreno, R. Anderson, E. Arnold, L. Jensen, and M. Fisher, on the basis they denied him lockup order reviews and the right to present his views on disciplinary charges in the May 19, 2006, May 26, 2006, August 18, 2006, and November 9, 2006, hearings.

4. Plaintiff is granted leave to file an amended complaint within thirty days from the date of service of this order.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: This 9th day of March, 2009.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE

13