**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TYRONE JORDAN, | ) | 2:07-cv-00854-HDM-RAM |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| M. VEAL, et al., | ) | |
| Defendants. | ) | |

Plaintiff is a state prisoner proceeding *pro se*. Pursuant to the court's screening orders, this action is proceeding against defendants V. Cullen, R. Perez, R. St. Germain, S. Moreno, R. Anderson, E. Arnold, L. Jensen, M. Fisher, J. Purtee, S. Stanley, T. Ehlers, and W. Fisher. Defendants W. Fisher, Perez, St. Germaine, Moreno, Jensen, Purtee, Arnold, Anderson, Ehlers, and Cullen have executed waivers of service of process.[1] On July 13,

---

[1] It appears from the record that defendants S. Stanley and M. Fisher have not been served. (*See* Docket #17).

1

1  2009, they filed a motion to dismiss plaintiff's complaint for
2  failure to state a claim (#18).  Plaintiff opposed the motion
3  (#21), and defendants replied (#23).
4       The documents attached to plaintiff's complaint, and
5  referenced by defendants in their motion to dismiss, largely refute
6  plaintiff's claims.  However, the court believes this case should
7  be resolved on summary judgment.  Accordingly, the court hereby
8  converts defendants' motion to dismiss (#18) to a motion for
9  summary judgment.  Defendants shall have up to and including August
10 27, 2009, in which to supplement the motion with any additional
11 documents relevant to the issues presented.  The plaintiff shall
12 thereafter have until September 28, 2009, to respond by appending
13 any affidavits or other documents he has to support his claims in
14 addition to what he may have already filed with the court.
15      Pursuant to *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)
16 (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v.*
17 *Eikenberry*, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of
18 the following requirements for opposing a motion for summary
19 judgment made by defendants pursuant to Rule 56 of the Federal
20 Rules of Civil Procedure.  Such a motion is a request for an order
21 for judgment in favor of defendants without trial.  A defendant's
22 motion for summary judgment will set forth the facts that the
23 defendants contend are not reasonably subject to dispute and that
24 entitle the defendants to judgment.  To oppose a motion for summary
25 judgment, plaintiff must show proof of his or her claims.
26 Plaintiff may do this in one or more of the following ways.
27 Plaintiff may rely upon statements made under the penalty of
28 perjury in the complaint if the complaint shows that plaintiff has

2

1  personal knowledge of the matters stated and plaintiff calls to the
2  court's attention those parts of the complaint upon which plaintiff
3  relies.  Plaintiff may serve and file one or more affidavits or
4  declarations setting forth the facts that plaintiff believes prove
5  plaintiff's claims; the person who signs an affidavit or
6  declaration must have personal knowledge of the facts stated.
7  Plaintiff may rely upon written records, but plaintiff must prove
8  that the records are what plaintiff claims they are.  Plaintiff may
9  rely upon all or any part of the transcript of one or more
10 depositions, answers to interrogatories, or admissions obtained in
11 this proceeding.  If plaintiff fails to contradict the defendants'
12 evidence with counteraffidavits or other admissible evidence, the
13 defendants' evidence may be taken as the truth and the defendants'
14 motion for summary judgment granted.  If there is some good reason
15 why such facts are not available to plaintiff when required to
16 oppose a motion for summary judgment, the court will consider a
17 request to postpone considering the defendants' motion.  If
18 plaintiff does not serve and file a written opposition to the
19 motion or a request to postpone consideration of the motion, the
20 court may consider the failure to act as a waiver of opposition to
21 the defendants' motion.  If the defendants' motion for summary
22 judgment, whether opposed or unopposed, is granted, judgment will
23 be entered for the defendants without a trial and the case will be
24 closed.
25      A motion or opposition supported by unsigned affidavits or
26 declarations will be stricken.
27      Accordingly, IT IS HEREBY ORDERED that defendants' motion to
28 dismiss is converted to a motion for summary judgment.  Defendants

3

1  shall have up to and including August 27, 2009, in which to
2  supplement their motion with evidence relevant to the issues
3  presented.  Plaintiff shall have up to and including September 28,
4  2009, in which to file an opposition and any additional evidence he
5  has to support his claims.  Any reply by the defendants shall be
6  filed by October 15, 2009.
7       DATED: This 11th day of August, 2009.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE